IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| CENTRO DE TRABAJADORES UNIDOS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. |
| | ) | |
| UNITED STATES IMMIGRATION AND | ) | |
| CUSTOMS ENFORCEMENT, | ) | |
| | ) | |
| Defendant. | ) | |

**COMPLAINT FOR INJUNCTIVE RELIEF**

Centro de Trabajadores Unidos (CTU) brings this complaint for injunctive relief, and states as follows in support thereof:

**PRELIMINARY STATEMENT**

1. The Freedom of Information Act (FOIA), 5 U.S.C. § 552 *et seq.*, "was enacted to promote transparency and accountability in how the federal government discharges its numerous and far-ranging responsibilities." *Shapiro v. U.S. Dep't of Justice*, 153 F. Supp. 3d 253, 256 (D.D.C. 2016). FOIA provides a means for the public to access government documents and "mandates that an agency disclose records upon request, unless they fall within one of nine exemptions." *Id.* at 257. FOIA also recognizes that the government cannot sit on its hands forever; it must make timely determinations regarding what documents it possesses that are responsive to a specific request, and when it will produce them. *See* 5 U.S.C. § 552(a)(6)(A)(i).

2. Defendant United States Immigration and Customs Enforcement (ICE) enforces the United States' immigration laws. These operations include auditing businesses regarding whether they have verified the identity and employment eligibility of employees and documented

1

that information using the federal Employment Eligibility Verification Form I-9. In a two-wave operation in 2018, ICE delivered more than 5,200 I-9 audit notices to businesses across the United States.

3. Plaintiff Centro de Trabajadores Unidos works with immigrant laborers in the Chicago area, and submitted a FOIA request to understand how ICE's operations affect its constituents. These records are important for Plaintiff and other organizations in the Chicago area that work with immigrants to understand how their constituencies may be affected by ICE's audits.

4. ICE has not made a determination on CTU's FOIA request within the statutorily mandated 20 working days for such determination (30 days with extension taken by ICE). 5 U.S.C. § 552(a)(6)(A)(i); 5 U.S.C. § 552(a)(6)(A)(ii). As a result, ICE is impeding CTU's access to these important records.

5. Administrative remedies under FOIA are deemed exhausted when an agency fails to comply with the statute's applicable time limits for making a determination on a given request. 5 U.S.C. § 552(a)(6)(C)(i). Having fully exhausted applicable administrative remedies for its request, CTU now turns to this Court to enforce FOIA's guarantee of public access to agency records. Accordingly, CTU asks this Court to declare that ICE has violated FOIA, to order ICE to provide CTU with the documents responsive to its request, and to grant other appropriate relief, including attorney's fees and costs.

**PARTIES**

6. Plaintiff Centro de Trabajadores Unidos (CTU) is a 501(c)(3) not-for-profit organization. It is an immigrant-run organization on the Southeast Side of Chicago that educates workers on their rights, develops leadership within the immigrant community, supports and

organizes all workers as they fight for their rights in the workplace, and fights for changing policy that increases standards for all workers.

7. Defendant United States Immigration and Customs Enforcement (ICE) is an agency of the United States Government within the meaning of 5 U.S.C. § 552(f)(1) and 5 U.S.C. § 552a(a)(1). ICE is headquartered at 500 12th St., SW, Washington, D.C. 20536.

## JURISDICTION AND VENUE

8. This Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 1331 and 1361 and 5 U.S.C. §§ 552(a)(4)(A)(vii) and (4)(B) and 5 U.S.C. §§ 701–06.

9. Venue lies in this district under 5 U.S.C. § 552(a)(4)(B) and 28 U.S.C. § 1391(e)(1)(c) as Plaintiff CTU resides and has its primary place of business in the Northern District of Illinois, and no real property is involved in this action.

## LEGAL BACKGROUND

10. FOIA "requires the government to disclose, upon request, broad classes of documents identified in 5 U.S.C. § 552(a)," unless the documents are exempt under 5 U.S.C. § 552(b). See *Prison Legal News v. Samuels*, 787 F.3d 1142, 1146 (D.C. Cir. 2015).

11. FOIA imposes strict deadlines on federal agencies when they receive a request for records pursuant to FOIA. First, an agency must acknowledge receipt of a FOIA request, in writing, within ten days of receipt of the request, exclusive of weekends and legal public holidays. 5 U.S.C. § 552(a)(7)(A).

12. Next, an agency must respond to a party making a FOIA request within twenty days of receipt, exclusive of weekends and legal public holidays, notifying that party of the agency's determination whether to fulfill the request and of the requester's right to appeal the agency's determination to the agency head. 5 U.S.C. § 552(a)(6)(A)(i). The D.C. Circuit has

explained that to make a valid "determination" under the statute the agency must indicate "the scope of the documents it will produce and the exemptions it will claim with respect to any withheld documents." *Citizens for Responsibility & Ethics in Wash. v. FEC*, 711 F.3d 180, 185-86. 188 (D.C. Cir. 2013) (CREW); see also *Seavey v. Dep't of Justice*, 266 F. Supp. 3d 241, 245 (D.D.C. 2017) (the agency must "(1) gather[] and review[] the [requested] documents; (2) determin[e] and communicat[e] the scope of the documents it intends to produce and withhold, and the reasons for withholding any documents; and (3) inform[] the requester that it can appeal whatever portion of the 'determination' is adverse").

13. The agency may extend the statutory twenty-day deadline only in "unusual circumstances," 5 U.S.C. § 552(a)(6)(B)(iii), and must then make the requested records "promptly" available, id. § 552(a)(3)(A), (a)(6)(C)(i), except where it can establish that one of FOIA's narrow exemptions listed at § 552(b) applies.

14. When an agency fails to make a timely determination with respect to a perfected FOIA request, a requester is deemed to have exhausted administrative remedies with respect to the request and may immediately file suit in district court. 5 U.S.C. § 552(a)(6)(C); *CREW*, 711 F.3d at 186.

## FACTUAL BACKGROUND

15. On October 11, 2019, CTU submitted its Freedom of Information Act request to ICE, through counsel by email. CTU's request sought documents relating to I-9 audits in Illinois and policy and operational documents related to such audits in Illinois and generally. Exhibit A, FOIA request.

16. ICE acknowledged receipt of this request on November 6, 2019; claimed that the request was not received until November 6, 2019; and sought a 10-day extension of the time

4

period to respond to the request. ICE also indicated its intent to charge commercial requester copying rates and misidentified the requester as CTU's attorney, not CTU. Exhibit B, ICE response.

17. On November 8, 2019, CTU responded to ICE's email through counsel, clarifying that CTU is the requester, that CTU is not a commercial requester, and that a fee waiver should be granted. Exhibit C, CTU response.

18. On November 12, 2019, ICE sent a request for clarification, asking CTU to narrow the date range as to investigatory documents and specify the kinds of PowerPoint documents sought. Exhibit D, ICE clarification request.

19. On November 12, 2019, CTU responded to ICE's request for clarification, narrowing the date range as to investigatory documents and specifying the kinds of PowerPoint documents sought. Exhibit E, CTU clarification response.

20. On January 2, 2020, CTU, through counsel, emailed ICE noting that the response deadline had passed and that CTU would litigate to obtain the requested documents if necessary. Exhibit F, CTU demand.

21. On January 8, 2020, ICE responded to note that ICE had received CTU's clarification on November 12, 2019, and that ICE was waiting for a response from its offices regarding the requested documents. Exhibit G, ICE response to CTU demand.

22. Even accepting ICE's receipt date of November 6, 2019, ICE's deadline to produce responsive documents under FOIA (30 working days, including ICE's 10-day extension) expired on December 20, 2019.

23. As of the date of this filing, ICE has not made a determination within the meaning of FOIA on CTU's FOIA request.

24. Because ICE has not issued a determination within the statutorily mandated timeframe, CTU is deemed to have exhausted its administrative remedies. 5 U.S.C. § 552(a)(6)(C); *CREW*, 711 F.3d at 186.

## PLAINTIFF'S ENTITLEMENT TO A FEE WAIVER

25. Plaintiff CTU is entitled to a waiver of document search, review, and duplication fees because disclosure of these records is likely to contribute significantly to a public understanding of the operations or activities of the government and is not primarily in the commercial interest of CTU. *See* 5 U.S.C. § 552(a)(4)(A)(iii); 6 C.F.R. § 5.11(k); 28 C.F.R. § 16.10(k).

26. CTU's FOIA request addresses the policies, practices, methods, and outcomes of Defendant's I-9 audit program, particularly in Chicago and Illinois. This program affects the rights of Latnix-Americans and concerned citizens in Chicago, Illinois, and beyond. At present, ICE has not revealed information about how it chooses I-9 audit targets and whether such audits discriminate against immigrants from certain nationalities or ethnic origins. Researchers have identified a history of racial discrimination in ICE's enforcement operations. *See* Bill Ong Hing, *Institutional Racism, ICE Raids, and Immigration Reform*, 44 U.S.F. L. Rev. 307 308, ("The inherent racism at the center of the ICE raids and other ICE and Border Patrol operations raises further concern that receives little public attention. With few exceptions, the ICE operations targeted Latinos—usually Mexicans.") Chicagoans do not know which businesses are targeted for ICE audits, how investigations are conducted, or the extent of racialized enforcement practices engaged in by ICE. Such information is of significant and urgent value to the public, and particularly to Latinx and immigrant workers and community members. Without the release

6

of the records sought in Plaintiff's FOIA Request, the public cannot assess the extent of bias or discrimination in ICE's operations.

27. Frequent articles and media coverage reveal strong and sustained public interest ICE enforcement operations. Given the lack of publicly available information about the I-9 audit program, the public interest in such information, and criticisms that ICE discriminates against Latinx residents, the records sought in Plaintiff's FOIA request will significantly contribute to the public's understanding of the government's I-9 audit programs.

28. The disclosures sought by CTU are not in their commercial interest. CTU is a not-for-profit organization and will use the records sought to educate and inform the public.

## CLAIM FOR RELIEF – FAILURE TO PRODUCE RECORDS

29. Plaintiff repeats and incorporates every above allegation in full.

30. Defendants' failure to timely notify Plaintiff whether it will comply with Plaintiff's FOIA request violated Plaintiff's rights to records under 5 U.S.C. § 552(a)(6)(A) and 5 U.S.C. § 552(a)(3)(A) and Defendants' corresponding regulations.

31. Defendants' failure to release responsive, non-exempt records violated Plaintiff's right to those records under 5 U.S.C. § 552(a)(3)(A) and Defendants' corresponding regulations.

32. Defendants' failure to make a reasonable search for responsive records violated Plaintiffs' rights under 5 U.S.C. § 552(a)(3)(C) and Defendant's corresponding regulations.

## REQUESTED RELIEF

WHEREFORE, Plaintiff CTU respectfully requests that this court:

1. Order Defendants to conduct a reasonable search for records responsive to Plaintiff's FOIA request;

2. Order Defendants to disclose and release the requested records in their entireties;

3. Order Defendants to grant a full fee waiver to Plaintiff;

4. Provide for expeditious proceedings in this action;

5. Award Plaintiff costs and reasonable attorney's fees in this action as provided by 5 U.S.C. § 552(a); and,

6. Grant any other and further relief the Court deems appropriate.

Respectfully submitted,

/s/ Matthew V. Topic

Wallace Hilke
IL Bar #: 6329814
Beyond Legal Aid
17 N. State St. Suite 1380
Chicago, IL 60602
Tel: (312) 973-7308
Fax: (312) 999-0076
E-mail: whilke@beyondlegalaid.org

Matthew Topic
IL Bar #: 6290922
LOEVY & LOEVY
311 North Aberdeen, 3rd Floor
Chicago, IL 60607
312-243-5900
foia@loevy.com

*Attorneys for Plaintiff*